1

2

3

4   **E-FILED on** __4/6/2012____

5

6

7

8   IN THE UNITED STATES DISTRICT COURT

9   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   SAN JOSE DIVISION

11

| | |
|---|---|
| 12   JOE HAND PROMOTIONS, INC., | No. 11-CV-04745 RMW |
| 13                Plaintiff, | |
| 14        v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER |
| 15   AIMEE NGUYEN, individually and d/b/a XA LANG, | |
| 16                Defendant. | **[Re Docket No. 13]** |
| 17 | |

18        Plaintiff Joe Hand Promotions, Inc. moves to strike all sixteen affirmative defenses asserted

19   by defendant Aimie Nguyen in her Answer to plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f).

20   Defendant opposes the motion. The court has read the moving and opposing briefs and considered

21   the arguments of counsel. For the reasons set forth below, the court grants in part and denies in part

22   plaintiff's motion to strike.

23                          **I. BACKGROUND**

24        Plaintiff Joe Hand Promotions, Inc. owns exclusive commercial distribution rights to

25   *Ultimate Fighting Championship 119: Frank Mir v. Mirko Cro Cop* (the "program"). Compl. ¶ 9. On

26   September 23, 2011, plaintiff filed this action against defendant Aimie Nguyen individually and dba

27   Xa Lang, alleging that defendant unlawfully intercepted or displayed the program at her commercial

28

United States District Court
For the Northern District of California

1   establishment in San Jose, California. Compl. ¶ 12.  The complaint alleges violations of the

2   Communications Act of 1934, 47 U.S.C. § 605; the Cable & Television Protection and Competition

3   Act of 1992, 47 U.S.C. § 553; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs.

4   Code § 17200 *et seq.*, as well as a cause of action for conversion. *See* Compl. ¶¶ 8, 18, 23, 27.

5       On February 9, 2012, defendant filed an answer to the complaint asserting sixteen

6   affirmative defenses. *See* Dkt. No. 11. On February 29, 2012, plaintiff filed a Motion to Strike the

7   Affirmative Defenses pled in the answer. *See* Dkt. No. 13. Defendant filed a written opposition on

8   March 14, 2012. *See* Dkt. No. 15. Plaintiff filed its reply on March 20, 2012. *See* Dkt. No. 16.

9       Defendant pleads the following affirmative defenses in her answer: (1) the Akien exception,

10  (2) permissible secondary transmission, (3) lawful use, (4) fair use of copyrighted work, (5)

11  untimely copyright registration, (6) improper claim for conversion, (7) failure to state a cause of

12  action, (8) lack of subject matter jurisdiction, (9) waiver, (10) estoppel, (11) undue hardship, (12)

13  undue penalty, (13) unjust enrichment, (14) cumulative and duplicative claims, (15) adequate

14  remedy at law, (16) no violation of 17 U.S.C. § 106.

15                              **II. DISCUSSION**

16      **A.    Legal Standard**

17      Rule 12(f) states that "the court may order stricken from any pleading any insufficient

18  defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

19      Rule 8(b) provides that "[a] party shall state in short and plain terms the party's defenses."

20  Fed. R. Civ. P. 8(b). However, an affirmative defense must still give the plaintiffs "'fair notice' of the

21  basis of the defense" and may be stricken if it fails to do so. *Qarbon.com Inc. v. eHelp Corp.*, 315 F.

22  Supp. 2d 1046, 1048 (N.D. Cal. 2004). An affirmative defense is "a defendant's assertion of facts

23  and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the

24  complaint are true." *Black's Law Dictionary* (8th ed. 2004).

25      When ruling on a motion to strike, the court must view the pleading in question in the light

26  most favorable to the non-moving party. *In re Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762,

27  772 (N.D. Cal. 2010). When that non-moving party is proceeding pro se, the pleading in question

28  should be construed even more liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**United States District Court**
For the Northern District of California

1 However, pro see litigants are still required to adhere to the rules of procedure. *Ghazali v. Moran*, 46

2 F.3d 52, 54 (9th Cir. 1995). Accordingly, the court considers plaintiff's motion under generally

3 applicable standards, while liberally construing defendant's affirmative defenses.

**B.     Defenses That Are Not Affirmative Defenses**

5 The following defenses are stricken because they are not affirmative defenses to plaintiff's

6 claims: (6) improper claim for conversion, (7) failure to state a cause of action, (8) lack of subject

7 matter jurisdiction, and (16) no violation of 17 U.S.C. § 106. Rather than affirmative defenses, these

8 defenses allege defects in plaintiff's claims and raise issues that are plaintiff's burden to prove.

9 Moreover, the argument of affirmative defense (6) fails to stand as numerous federal courts in

10 California have awarded conversion damages in cases filed by the very plaintiff to the instant action.

11 *See Joe Hand Promotions v. Be*, No. 11-01333, 2011 WL 5105375 (N.D. Cal. Oct. 26, 2011); *see*

12 *also Joe Hand Promotions v. Burleson*, No. 11-00499, 2011 WL 4905631 (E.D. Cal. Oct. 14, 2011).

13 Accordingly, affirmative defenses (6), (7), (8), and (16) are stricken without leave to amend.

**C.     Defenses Insufficiently Pled**

15 "The key to determining the sufficiency of pleading an affirmative defense is whether it

16 gives plaintiff fair notice of the defense." *J & J Sports Productions, Inc. v. Montanez*, No. 10-cv-

17 01693, 2010 WL 5279907, at *2 (E.D. Cal. Dec. 13, 2010) (quoting *Wyshak v. City Nat'l Bank,* 607

18 F.2d 824, 827 (9th Cir. 1979)). "The fair notice pleading requirement is met if the defendant

19 sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."

20 *Montanez*, 2010 WL 5279907, at *2 (quoting *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.

21 1999)).

22 Here, affirmative defenses (3), (4), (9), (10), (11), (12), (13) and (15) are stricken because

23 they are wholly insufficient in providing plaintiff adequate notice of the facts supporting the defense.

24 They are mere legal conclusions that fail to give plaintiff, or the court, any factual support to

25 determine the applicability of such defenses. *See Montanez*, 2010 WL 5279907, at *3 (striking

26 affirmative defenses as insufficient when not plead with supporting facts). For example, defendant

27 states that "some or all of the claims for damages in the Complaint are barred because Plaintiff

28 waived those claims." *See* Dkt. No. 11. Defendant however offers no insight into what conduct by

plaintiff constituted waiver, when such waiver occurred, or even what claims plaintiff waived., the court strikes these defenses with leave to amend. Any amended answer should put forth sufficient legal defenses supported by specific factual allegations.

**D.    Copyright Related Defenses**

The following affirmative defenses are also stricken: (1) the Akien exception, (2) permissible secondary transmission, and (5) untimely copyright registration. Although defendant states that "courts have construed sections 47 U.S.C. §§ 605 and 553 within the boundaries of the copyright statute," Dkt. No. 11, her copyright defenses are inapplicable to the instant action because plaintiff's claims are not brought under copyright law. Moreover, defendant's reliance on *J & J Sports Productions, Inc. v. Soto*, 10-CV-885, 2010 WL 3911467 (S.D. Cal. Sep. 28, 2010) is misguided as that case does not hold that 47 U.S.C. §§ 605 and 553 are within the copyright statute. Lastly, defendant has not sufficiently demonstrated that the aforementioned defenses could even apply to 47 U.S.C. §§ 605 and 553. Accordingly, the court strikes these affirmative defenses without leave to amend.

**E.    Cumulative and Duplicative Claim Defense**

The court denies plaintiff's motion to strike affirmative defense (14). Several courts have denied recovery for conversion damages as "cumulative" where statutory damages were already awarded. *DirecTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1193, (E.D. Cal. 2005) (having already awarded statutory damages under § 605, the court denied plaintiff's additional request for conversion damages as "cumulative and excessive"); *see also Kingvision Pay-Per-View v. Guzman*, No. 09-00217, 2009 WL 1475722, at *3 (N.D. Cal. May 27, 2009) (granting default judgment and statutory damages under § 605, while dismissing § 553 and conversion claims). Defendant's defense here could possibly reduce or negate her liability under certain of plaintiff's claims, and as such the court views this affirmative defense as sufficient.

**III.  ORDER**

For the foregoing reasons, the court grants in part and denies in part plaintiff's motion to strike affirmative defenses. All defenses are stricken with the exception of (14) cumulative and duplicative claim. Defenses (1) the Akien exception, (2) permissible secondary transmission, (5)

**United States District Court**
For the Northern District of California

untimely copyright registration, (6) improper claim for conversion, (7) failure to state a claim, (8) lack of subject matter jurisdiction, and (16) no violation of 17 U.S.C. § 106 are stricken without leave to amend. Defenses (3) lawful use, (4) fair use of copyrighted work, (9) waiver, (10) estoppel, (11) undue hardship, (12) undue penalty, (13) unjust enrichment, and (15) adequate remedy at law are stricken with leave to amend. Defendant has twenty days from the date of this order to file an amended answer properly asserting any applicable affirmative defenses and the factual or legal basis for each.

DATED:        April 6, 2012

RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California